UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN T. WYTKO, | CASE NO. C13-5591 MJP |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| CAROLYN COLVIN, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Objections (Dkt. No. 24) to the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge. (Dkt. No. 23.) Having reviewed the entire record, including the Administrative Record (Dkt. No. 16), the R&R (Dkt. No. 23), Plaintiff's Objections (Dkt. No. 24), Defendant's Response (Dkt. No. 25), and all related papers, the Court ADOPTS the R&R.

## Background

Plaintiff Martin T. Wytko filed for disability insurance benefits and supplemental security income in February 2010, alleging disability beginning June 1, 2009. (AR 17.) Plaintiff's applications were denied initially and on reconsideration. (Id.) He filed a timely request for a

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

hearing, which took place on December 28, 2011. (Id.) Administrative Law Judge ("ALJ") James W. Sherry issued a decision on January 12, 2012, finding Plaintiff "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and thus not disabled. (AR 31.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of the Social Security Administration ("SSA"). (AR 17.)

On March 6, 2014, Magistrate Judge Mary Alice Theiler issued a Report and Recommendation recommending the ALJ's decision be affirmed. (Dkt. No. 23.) Plaintiff now objects to the R&R. (Dkt. No. 24.)

## Discussion

I.   Standard of review

This Court must review de novo any part of the Magistrate Judge's R&R that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. 636(b)(1). This Court "may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence means "more than a mere scintilla but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. If there is more than one rational interpretation of the evidence, one of which supports the final decision, the ALJ's conclusion must be upheld. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff's objections to the R&R raise several arguments: (1) the ALJ's determination of Plaintiff's credibility was not supported by clear and convincing reasons; (2) the ALJ improperly weighed medical opinion evidence; (3) the ALJ failed to provide germane reasons to reject lay

testimony from Plaintiff's mother; and (4) the ALJ's Residual Functional Capacity ("RFC") assessment was incomplete. (Dkt. No. 24.) Each argument is considered in turn.

II.     Plaintiff's credibility

Plaintiff argues the ALJ's credibility determination was not supported by clear and convincing reasons because the medical evidence suggests he did not lie about his symptoms or his daily activities. (Dkt. No. 24 at 6-9.) Even absent evidence of malingering, however, an ALJ may reject a claimant's testimony as long as the ALJ provides clear and convincing reasons. See Lingenfelter, 504 F.3d at 1036. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." Light v. SSA, 119 F.3d 789, 792 (9th Cir. 1997). A plaintiff's alternative interpretation of the evidence does not alone invalidate an ALJ's credibility finding. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Here, the ALJ found Plaintiff's medical impairments could reasonably be expected to produce the alleged symptoms, but did not find the alleged symptoms credible. (AR 23.) The ALJ based his credibility determination on the objective medical record and on inconsistencies in Plaintiff's own testimony, which reasonably suggest Plaintiff overstated the severity of his symptoms. (Id.)

a.      The medical record

Evidence of "contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." Carmickle v. Comm'r, SSA., 533 F.3d 1155, 1161 (9th Cir.

2008). Drawing from the medical record, an ALJ may properly consider evidence of conservative treatment and effective treatment in determining the credibility of a claimant's testimony. See Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007); 20 C.F.R. 404.1529(c)(3).

Plaintiff objects to the ALJ's determination that his complaints of kidney pain are not credible. (Dkt. No. 24 at 6-7.) Although Plaintiff points to medical evidence supporting his complaints (Dkt. No. 24 at 7), the ALJ properly considered contrary evidence of a now stable kidney condition in finding Plaintiff's testimony not credible. See Carmickle, 533 F.3d at 1161. (AR 23.)

Plaintiff also objects to the ALJ's credibility determination based on evidence of conservative treatment and effective treatment. (Dkt. No. 24 at 7-8.) Plaintiff bases his objection on the truthfulness with which he reported treatment he has received, thus evincing his credibility. (Id.) A plaintiff's reputation for truthfulness is only one factor an ALJ may consider in determining credibility. See, e.g., Light, 119 F.3d at 792. Although Plaintiff takes a different view of the evidence, the ALJ's observations of conservative treatment and effective treatment substantially support and provide specific, clear, and convincing reasons for his conclusion that "the medical record does not support limitations to the extent [Plaintiff] alleged." (AR 29.)

   b. Inconsistencies in Plaintiff's testimony

"One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record." Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 (July 2, 1996). Regarding consideration of Plaintiff's activities of daily living ("ADLs"), "even where . . . activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012). Here, the ALJ identified several inconsistencies detracting from Plaintiff's credibility.

First, although Plaintiff reported an inability to work due to several impairments (AR 23), Plaintiff's ADLs were inconsistent with allegations of total disability even considering any alleged difficulty in performing the activities. (Dkt. No. 20 at 8-9.) The ALJ found Plaintiff participated in somewhat physically demanding activities such as mowing the lawn, doing laundry and other household chores, and his welding hobby. (AR 26.) Likewise, evidence of Plaintiff's eight-day vacation with friends in Jamaica discredited his alleged degree of impairment. (AR 26.)

The ALJ also identified directly contradictory statements in Plaintiff's testimony. Plaintiff at one point reported he "[doesn't] have any [household] chores as he has trouble with bending," and then later reported he does laundry and loads the dishwasher. (AR 241, 248.) The ALJ interpreted these contradictory statements as detracting from Plaintiff's credibility. (AR 26.) Overall, although Plaintiff offers alternative interpretations of the evidence, Plaintiff fails to demonstrate the ALJ's interpretations were not rational.

### III. Medical opinion evidence

"The ALJ is responsible for resolving conflicts in the medical record." Carmickle, 533 F.3d at 1164. To do so, an ALJ is permitted to evaluate medical opinion based on the record as a whole. See 20 C.F.R. 404.1527(c)(4) ("Generally, the more consistent [a medical] opinion is with the record as a whole, the more weight we will give to that opinion."). Plaintiff argues the ALJ improperly weighed medical opinion evidence from Dr. Terilee Wingate and from ARNP Mary Biggerstaff. (Dkt. No. 24 at 2, 5.)

#### a. Dr. Terilee Wingate

Because the record contained contradictory medical opinion evidence between Dr. Wingate and another evaluating physician (AR 28), the ALJ was required to provide specific and legitimate reasons supported by substantial evidence to reject Dr. Wingate's opinion. Lester v.

Chater, 81 F.3d 821, 830-31 (9th Cir. 1996). This includes "reject[ing] a treating [or examining] physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotations omitted). This is precisely the reason the ALJ stated for rejecting Dr. Wingate's opinion. (AR 28.)

The ALJ gave little weight to Dr. Wingate's assessment of Plaintiff's marked limitation in ability to tolerate pressures in a normal work environment and marked social limitations because Dr. Wingate "relied almost exclusively on the claimant's self-report of which there [were] some credibility concerns thoroughly discussed above." (Id.) The ALJ also discounted Dr. Wingate's opinion because it was "inconsistent with the claimant's social activities . . . ." (Id.) Further, the ALJ did not outright reject Dr. Wingate's opinion. That the ALJ gave the opinion little weight rather than no weight is reflected in Plaintiff's RFC, which limits Plaintiff to "work in a low stress environment" with "superficial interactions with the general public and coworkers." (AR 22.)

Plaintiff fails to demonstrate why the ALJ's interpretation of Dr. Wingate's opinion was not rational or not supported by substantial evidence. Instead, Plaintiff suggests the ALJ acted improperly because "the ALJ's own interpretation of [Dr. Wingate's assessment] is NOT medical evidence, but merely the musings of a lay person." (Dkt. No. 24 at 2) (emphasis in original). There was nothing improper about the ALJ's interpretation of Dr. Wingate's opinion against the record as a whole. The ALJ's decision to discount Dr. Wingate's opinion was rational and supported by substantial evidence.

      b.   ARNP Mary Biggerstaff

Nurse practitioners are defined as "other sources," 20 C.F.R. 404.1513(d), and are not entitled to the same deference as acceptable medical sources. See SSR 06-03p, 2006 WL

2329939 (Aug. 9, 2006).  The ALJ may discount testimony from these "other sources" if the ALJ gives reasons germane to each witness for doing so.  Molina, 674 F.3d at 1111.

Here, the ALJ acknowledged Biggerstaff "completed a DSHS functional assessment form in which she stated that the claimant could stand for 1 hour in an 8 hour workday, [and] sit for 4 hours in an 8 hour workday," but stated "less weight was given to the functional assessment form . . . because it is inconsistent with [Biggerstaff's] own DSHS evaluation and it is also inconsistent with the overall objective evidence of record."  (AR 27.)  Plaintiff does not challenge these articulated reasons.  While the ALJ did not reiterate the sitting and standing limitations when assigning the functional assessment form little weight, it is reasonable to infer the ALJ assigned little weight to the entirety of the assessment.  "As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."  Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989).

IV.   Lay testimony from Plaintiff's mother

Plaintiff argues the ALJ did not provide reasons germane to Elva Wytko, Plaintiff's mother, for rejecting her lay testimony.  (Dkt. No. 24 at 5-6.)  Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment.  Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).  The ALJ can reject lay witness testimony only upon giving reasons germane to each witness.  Id.  An ALJ is permitted to reject lay witness testimony that is similar to the claimant's testimony for the same reasons the claimant's testimony was found not credible.  See Valentine v. Comm'r SSA, 574 F.3d 685, 693-94 (9th Cir. 2009).

Here, the ALJ described lay witness testimony from Plaintiff's mother and found "these statements generally reflect the same allegations made by the claimant that he is completely disabled from all work, allegations that are not entirely credible for the reasons discussed above."

(AR 29.) Because the ALJ provided clear and convincing reasons for rejecting Plaintiff's own subjective complaints, as discussed above, and because Plaintiff's mother's statements "generally reflect the same allegations" as Plaintiff's complaints, it follows that the ALJ also gave germane reasons for rejecting Plaintiff's mother's testimony. While it is true the ALJ did not specifically state, "I reject the lay witness testimony because . . . ," "our cases do not require such an incantation." Magallanes, 881 F.2d at 755.

V.   RFC assessment

An ALJ's RFC assessment must be supported by substantial evidence and must consider the limiting effects of all of a plaintiff's impairments, including those not deemed severe. E.g., 20 C.F.R. 404.1545(e). Plaintiff does not argue the ALJ failed to consider all of his impairments. Instead, Plaintiff argues the ALJ's RFC assessment was incomplete because it did not include functional limitations stemming from his severe neck and bladder impairments. (Dkt. No. 24 at 9.)

   a.   Neck impairment

Plaintiff does not explain why the ALJ's assessment, which limited Plaintiff to "less than the full range of sedentary work," conflicts with his severe neck impairment and is not supported by substantial evidence. (AR 22.) Plaintiff offers no authority to support his argument that greater functional limitations, particularly the reaching limitations he claims (Dkt. No. 20 at 11), must be assigned for his severe neck impairment. In addition, nothing in the medical record prescribed reaching limitations. Thus, the RFC assessment was not incomplete as regards Plaintiff's neck impairments.

   b.   Bladder impairment

Plaintiff argues the RFC assessment was incomplete because it did not include various accommodations for his bladder impairments (for example, longer bathroom breaks to self-

1  catheterize). (Dkt. No. 24 at 9.) Indeed, there is evidence Plaintiff self-catheterizes "every 2
2  hours and that the procedure takes about 10 minutes." (AR 23.) This timing, however, does not
3  interfere with the ability to work an eight-hour work day "with a morning break, a lunch period,
4  and an afternoon break at approximately 2-hour intervals." SSR 96-9p, 1996 WL 37418 (July 2,
5  1996). While Plaintiff takes a different view of what limitations should have been included in
6  the RFC assessment, he fails to show the ALJ's RFC assessment lacks support of substantial
7  evidence.

## Conclusion

Because the ALJ's findings were supported by substantial evidence and free of legal error, the Court ADOPTS Magistrate Judge Theiler's R&R and AFFIRMS the Commissioner's decision that Plaintiff is not disabled.

The clerk is ordered to provide copies of this order to all counsel and to Magistrate Judge Theiler.

Dated this 29th day of April, 2014.

Marsha J. Pechman
Chief United States District Judge